The error in this case is the District Court's failure to consider the defendant's prison conditions a relevant 3553a factor when deciding whether to reduce the defendant's sentence following a retroactive guideline amendment. I want to start with the issue raised in this Court's focus order and the application note to 1B.110, which directs District Courts to consider the nature and seriousness of the danger that may be posed by a reduction in the defendant's term of imprisonment. By its terms, that application note identifies one factor that should guide the Court's discretion, but it's just one factor. It's not a criterion for eligibility. It doesn't give that factor any special weight and it doesn't trump any other factors. The legal standard that applies is still that the Court has to consider all relevant 3553a factors and it has to select a sentence that is sufficient but not greater than necessary to serve the purposes of sentencing. Kagan, I'm sorry. Forgive me. I was just asking, what is the error, what is the Court's error? The error here is the District Court's failure to consider the 3553a factor related to the defendant's prison conditions. Why do you think he didn't consider that? I'm going to call your attention to page 5 of the order and ask you to respond to the part that causes me to think otherwise. This is the sentence that has to do with him saying that what I took into account at the original, time of the original sentencing, those conditions have not changed. Yes, Your Honor. And at the beginning of that sentence, the Court says the Court does not evaluate defendant's current circumstances in prison. Well, we can't read that in isolation, right? No, Your Honor, you can't. Read the whole sentence, sure. And so what we believe in that sentence, and I think what the Court is telling the reader, is that the current circumstances are not part of the Court's evaluation because if you look at the next sentence, a 3582 resentencing evaluation is circumscribed and considers only the effect of the related amendment to the sentencing guidelines. And so the Court's not telling us why it's finding that the prison conditions don't merit relief. It's saying why the Court is not evaluating those circumstances. I think you can read it that way. I'm wondering if it's capable of being read another way, too, but let's hear what Judge Hurwitz has to say. Well, I'm interested in the premise of your argument, which is that conditions of confinement are a relevant 3553A factor. There seems to be no Ninth Circuit case saying that. Normally, of course, normally when you're sentencing somebody at the beginning, you're only looking at pre-sentencing conditions of confinement, but the circuits seem to be split on that. The Seventh Circuit basically says that's not a relevant 3553A factor at all. Other courts say, well, maybe it might be. So let's assume for a moment that the judge didn't consider it. Tell me why it's a relevant 3553A factor. Thank you, Your Honor. The government here has never raised the argument that it's not. And I think the court has. I am. Respond to me, not to them. Yes. And, Your Honor, we did cite several cases in a footnote in our brief that indicate that prison conditions are a relevant 3553A. By all district court? Yes. And I want to discuss why the prison conditions here were relevant to three specific 3553A factors. And, you know, this Court has made comments in the past about the 3553A factors being extremely broad. And basically requiring the court to consider anything that could bear on the purposes of sentencing. So what we have here is the fact that in the five years since Mr. Craig was sentenced, the Bureau of Prisons has been unable to provide him with a safe or a stable environment in which he can pursue his rehabilitative goals. Do you think the judge knew that at the time of sentencing? No, Your Honor. That because of your client's, I don't want to say history, but because of your client's history is probably the better way to put it, he would likely not face an easy time in prison? No, Your Honor, that was not a factor that was raised by either party in their joint recommendation. That's not what I asked. And I don't think that it would be proper for a district court to assume that the Bureau of Prisons is going to be unable to keep somebody safe, to provide a stable environment. This is an extraordinary Bureau of Prisons record where this defendant has been shuffled between nine different institutions in five years. That's not something I've seen in my career. No, these weren't conditions that would be anticipated when sentencing somebody to prison. And certainly if they were considered, one would expect that to be raised. I wanted to go back to your point about — Wait a minute. Can you finish that thought? You don't think that this judge, experienced trial court judge, would have anticipated due to the nature of the offense that this person would have needed to be in protective custody and transferred? No, Your Honor. There are Bureau of Prisons environments that are safe for people with that history. But Mr. Craig was not placed in them, possibly because the current offense was carjacking and not — it was his prior offense that's caused the problems here. But that's the history that Judge Hurwitz is referring to. Oftentimes, going back to the point of the original sentencing not including prison conditions, I don't think that's accurate. Because oftentimes we go to court, for example, with an older defendant and discuss the Bureau of Prisons' reported failure to be able to provide significant medical care. So that's something that sometimes we anticipate, and we call to a judge's attention, and we show them this is going to be a hard time in custody if they need these diabetes care or hypertension care that's often not provided. That was not discussed here. I'll get out of your way, but I'm just distracted that you keep referring to what counsel raised and what counsel anticipated, and I'm looking to see what the sentencing judge says he anticipated. And that's what I think matters for purposes of this, whether it's something new or different that he did or did not consider at the time of sentencing. So two points I want to raise. The court said that it does not evaluate prison conditions, and it says because 3582 is circumscribed. If there's ambiguity there, then the court should remand, because that's what they did in Lizarrara's Chaconne, where it was a failure to consider 3553 AI factors. The government said, no, they did consider it. This is how they considered it. I think we have, at best, a similar record here. This is, in my view, expressed that the court does not evaluate. That's in contrast to how the court handled the other 3553A factors that were raised by defense. So the court addresses head-on the Idaho detainer and whether the purposes of Amendment 8821 required or called in favor of a sentence reduction and explained why they didn't. But with respect to the prison conditions, it's different. It says the court does not evaluate those circumstances. Let me ask you a question that your last statement sort of makes me concerned with. And I know what your answer will be, but I want to lay this out for you so you can address my concern. The judge says your client is likely to be a danger to the community if released. The judge says, yeah, and Amendment 822, I guess it is, really doesn't move me very much in this case because your client has a record that wasn't reflected in the original sentence because of the enhancement. And so, and nothing else has changed on, none of the other 3553A factors have changed. Is it possible in a case like, and so looking at this record, it seems to me almost 100% certain that if we were to send it back to the trial judge, you would get precisely the same result. Does harmless error analysis come into play here at all? I do want to answer that question and hopefully reserve a bit of time for rebuttal after I'm done with that. Take your time. We'll give you a little more time. I appreciate that, Your Honor. I don't think that this was a one-sided record with respect to dangerousness. The prison conditions would have given context to what the government was arguing was repeated criminality, misconduct in prison that showed that he remained a danger today, five years after he was sentenced, six years after his original time. But that argument was made to the judge. I'm sorry? Those arguments were made to the judge in the motion for sentence reduction. And the judge said, no, this guy's not a good candidate for it, assuming that he made an error not looking at prison conditions. But that's the error, that he did not consider what the prison conditions mean with respect to dangerousness. And so when he says the sentence remains appropriate under the 3553A factors, if he hasn't considered the prison conditions, then he can't make an educated decision about dangerousness. Well, can't he? No, Your Honor. I mean, he's educated. His decision about dangerousness seems to me in this record to have been based on your client's extensive criminal record and the facts of the case that led to the sentence. So I think a judge could make a very educated decision if, you know, about dangerousness, even if somebody was subjected to the worst prison conditions. I want to – could the judge have done that? Yes, the judge could have denied. I'm asking you a different question. But the harmless error question. You know, sort of as experienced people in this process, I must tell you that I think there is no chance whatsoever that if we send this case back, your client will get a sentence reduction. So I'm trying to figure out how my reading under the – if I were applying harmless error review, is it more probable than not that the error affected the outcome? I would say no. So my question is, can I apply harmless error review? Your Honor, I think you can. But in similar contexts, what we've required is a record where the court would say, had I considered this factor, I would have reached the same conclusion. And we don't have anything like that here. A court could reasonably find that the goals of sentencing would be better served by releasing Mr. Craig to his Idaho State detainer, where he might receive the rehabilitative resources that he's being denied in Bureau of Prison's custody. I do want to make the point that his criminal record, those uncounted convictions, were not uncounted because they were tribal convictions. They were over 10 years old, and they were stale. They were all committed between his ages of 21 and 24. And so they don't hold the same – Now you are out of time. I appreciate that, Your Honor. Can I ask one factual question? Of course. As I understand it, your client's release date is in March or April? April. Okay. Thank you. And because he has a detainer, he'll continue. So what we'll do is I'm going to ask you to stop, and when we come back, we'll put two minutes on the clock. How's that? Thank you, Your Honor. You bet. Good morning, Your Honors. May it please the Court. Sarah Barr, appearing on behalf of the United States. The defendant carjacked his victim and slashed him across the face with a knife, which capped 14 convictions, 13 of which were unscored, and almost all of which involved violence. The district court focused on the extent, nature, and seriousness of that criminal history in both denying discretion under the 3553A factors and in finding defendant to be a danger. Both of those reasons give this court an independent basis to affirm. Do they? So let's go back to your friend's argument. Your friend's argument is he should have considered the prison conditions. Let's assume that's right. The weighing may have come out differently. He may have said, what the heck, you're going to be sent to Idaho in any event. You're not going to get out, and you're only within six months or a year of the end of your thing. And so if the prison conditions are really that bad, God bless you, I'll move you on to your next set of confinement. So even with those other factors, quite strong, they would support this outcome. But my question is, assuming he made an error with respect to saying, I'm not going to consider your current circumstances, what should we do? Harmlessness error applies in a 3582C2 decision. We know that from Wright and Wilson. Here, any error in the 3553A analysis is harmless because the judge- But those are cases where the court said, they did the belt and suspenders. They said, in my discretion, I'm not going to do it. And then also went on to another thing. Here, the judge never says, gee, even if I considered these factors, this conditions of confinement, it wouldn't make any difference to me. I disagree with you on that, Your Honor. You are correct, he didn't use the phrase even if. But he considered the totality of what the statute requires, 3582C2. It requires a sentence based on a subsequently reduced guideline range. It requires consideration of the 3553A factors. And it requires that any reduction be consistent with the policy statement. And the court cited that, that any reduction must be consistent with the policy statement at 1ER3. The court then went on to conduct an analysis that tracks exactly that policy statement. The policy statement requires a court to consider the nature and seriousness of any danger posed by the defendant upon release to any person in the community. The court, again, noted that the reduction must be consistent with the policy statement. He went on to cite the unscored criminal history and the extent of it. He highlighted the violent nature of that history. He found that the criminal history score, quote, does not accurately capture the recidivism risk, excuse me. And he concluded explicitly the serious violent nature of his conduct and the danger he poses to the community does not warrant a sentence reduction. He could have relied on the latter fact, I think, the latter judgment. No question in my mind. Do you not see any concern that the opposing counsel raises regarding the paragraph, the two sentences on page five that were called out at the top of the argument? Can you remind me exactly which portion of this? The one that says that he does not consider, the court does not evaluate defendant's current circumstance in prison because the considerations of court based defendant's original sentence on have not changed. And then 3582 resentencing evaluation is circumscribed and not plenary, those two sentences. We do not see error in that. This is not a cannot case like Liz Araros was. This is a do not case. In Liz Araros, the court said, I cannot consider this post sentencing factor. It does not, quote, fit within the 3553A framework. Those are not the words that this district court used. This district court used the words do not evaluate because the original considerations have not changed. So how do you just, if you could just take that first sentence, how do you think we ought to interpret it? I think you can interpret it by the same way that the court did, the same way that the court himself is asking you to interpret it, which is by reference to Stidel. The court did not use those words in a vacuum. It cited Stidel and it exerted an extensive block quote, why it thought Stidel was significant and appropriate to rely on in this case. Stidel was also a status points case. It is a case that this court has affirmed. And in that case, the district court was presented with a post sentencing conduct consideration. And the court said, I acknowledge that consideration. I acknowledge your good conduct. But it doesn't move the ball for me. It doesn't override the original sentencing considerations that are still in effect. And so- Counsel, you're just alighting the problem here. The language the court uses, I don't consider it because, right? It's one thing to say, I'm considering it, it doesn't change my mind. He said, I don't consider it because. Now he did say, and this is what I was trying to discuss with the opposing counsel, that he's not considering it because that condition hasn't changed since the time of original sentencing. So there's a bit of a nuance there that it may be significant. Would you address that? Yes. What this court found in Stidel is that there was no error because what the court was doing in Stidel was weighing the various factors. It was saying, I don't have to give every factor persuasive weight. Some factors carry more persuasive weight than others. And Stidel does that very well. The judge says, this isn't terribly important to me. I've considered it, but it's not of much weight. I still need you to respond to Judge Kristen's question, which is that this judge seems to have said, I'm not even going to consider it. That seems to me the most reasonable reading of what he said. And so, is Stidel- I think what you're saying is, although he said that, he didn't mean it because he cited Stidel? Stidel informs his meaning insofar as, I am not giving persuasive weight to the post-sentencing condition because the persuasive weight for me lies in all of those original considerations that have not changed. As I read that key sentence, moreover, the court does not evaluate Dee's current saying, well, I already considered that. Nothing's changed. So why should I reconsider it? That is another way to read it, Your Honor. Absolutely. So-  I'm sorry, Your Honor? I said, is there anything further? If there's nothing, if there are no further questions, I would rest on the briefing. I don't think we have further questions. Thank you for your argument. Madam Clerk, could you please put two minutes on the clock? We're going to try to interrupt you less. And I think I understand better now what you were discussing about the original circumstances. So I appreciate that. There's nothing in the record that this terrible, terrible course of circumstances that has happened to Mr. Craig was anticipated at sentencing. It's a changed circumstance. That's how we raised it to the district court, and the government never said it wasn't a change, like that it was anticipated that it wasn't changed. It's the court's obliga- I'm sorry, I'm speaking very fast. It's the court's obligation to consider changed circumstances under 3553A. It doesn't have to believe that they moved the needle, but it has to consider them, and the court didn't do that here. I understand Judge Hurwitz's point that we could guess, we may be able to predict that the court may impose the same sentence, but the weighing of the 3553A factors has to be done by the district court. Unless it says, I would have weighed it less, I don't think we can find it harmless. Let me ask you, I mean, I know, and I know you have something else you want to say, but this is a sentence reduction proceeding. Yes. And so why can't the judge say, it's not a resentencing? I'm going to take out the enhancement now because it's no longer applicable, and I'm going to go back to the time when I was sentencing you and look at the 3553A factors at the time. Is there, what case says in the context of a sentence reduction proceeding that we have to consider changed circumstances? Well, Lizarrares-Chacon is directly on point for that. Lizarrares-Chacon said both post-defense rehabilitation is relevant, but also changes in the law that occurred after sentencing that have nothing to do with the guideline amendment. He considered the change in the law here, obviously. I'm sorry? He considered the change in the law. Consider the change in the law, but not just the guideline amendment, things that have nothing to do with that. So there's no boundary on the 3553A factors that a court has to weigh at that second step. There is no boundary. Then doesn't it become a plenary resentencing, which everybody tells us the judge shouldn't be doing? No, because it's the step one that curtails it. And so that plenary resentencing, and I see that I'm over time. I was just going to give a bit of context. That came up in cases where a defendant who was sentenced pre-Booker came back after a guideline amendment and said, I want, it would be a Sixth Amendment violation. I think that goes to eligibility at step one. It does. Not to the 3553A factors. Fullest information possible. Thank you very much. Thank you both. We'll take that case under advisement.
judges: FLETCHER, CHRISTEN, HURWITZ